# EXHIBIT 3

**AMERICAN ARBITRATION ASSOCIATION**
Commercial Arbitration Rules
Procedures for Large, Complex Commercial Disputes

| | |
|---|---|
| **CLEARVIEW AI, INC.,** | |
| Claimant, | AAA Case No. 01-23-0002-6322 |
| v. | Arbitrator: Usher Winslett |
| **INVESTIGATIVE CONSULTANTS, INC., et al.,** | |
| Respondents. | |

## ORDER DENYING RESPONDENTS' MOTION FOR AWARD MODIFICATION

**I.     Respondents' Request**

In respondents' motion (the "Modification Motion") dated November 27, 2024, they make the following request: "Respondents Donald Berlin and Investigative Consultants, Inc. ('ICI')[1] respectfully request the Arbitrator modify his November 7, 2024, Award (the 'Award') pursuant to Rule 52[2], which permits the Arbitrator to 'correct any clerical, typographical, or computational errors in the award.'" (Page 1.) Respondents then go on to contend:

> The Award contains two computational errors that warrant revision: First, the Arbitrator awarded prejudgment interest from shortly after the contract was signed, instead of the date of breach. Second, the Arbitrator calculated an attorneys' fee award against Mr. Berlin based on ICI's failed counterclaim. However, the counterclaim was brought solely by ICI, and therefore the award of $64,000 in attorneys' fees against Mr. Berlin is a computational error. [Id.]

---

[1] Presumably, as used here, "ICI" refers to Berlin and ICI, collectively.
[2] "Rule 52" refers to Rule R-52 of the American Arbitration Association ("AAA") Commercial Arbitration Rules and Mediation Procedures, Including Procedures for Large, Complex Commercial Disputes, Amended and Effective September 1, 2022.

Page 1

## II. Relevant Background

Per the Joint Statement of Uncontested Facts submitted to me by email on August 14, 2024:

- Clearview and ICI signed the Agreement that precipitated this arbitration effective July 30, 2019….
- In exchange for $873,000, ICI agreed to provide "[a]pproximately 690 million arrest records and 390 million photos, fully joined, and quality tested." …
- Arrest information was to "include[] (at minimum): Name, State, Present and Past Address, SSN, DOB, Photo, Charges, Cell Phone or Home Phone, Email Address." …

It is also undisputed that Clearview paid ICI $873,000 on August 1, 2019.

On or about June 12, 2023, Clearview AI, Inc. ("Clearview") commenced this arbitration by filing with the American Arbitration Association ("AAA") a Commercial Arbitration Rules Demand for Arbitration and a document entitled, "NOTICE OF ARBITRATION AND STATEMENT OF CLAIM" (the "Statement of Claim"). The Statement of Claim named ICI and Berlin as respondents. On or about June 30, 2023, ICI and Berlin filed with the AAA a document entitled, "RESPONDENTS ICI *AND DONALD M. BERLIN'S* ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM" (the "Answering Statement" (capitalization in original; italics added)). Thus, in Berlin's first filing in this matter, he took the position that he was a counterclaimant. Berlin confirmed that position in Paragraph 1 of the Counterclaim portion (the "Counterclaim") of the Answering Statement, stating, "[r]espondents ICI *and Mr. Berlin* incorporate the preceding paragraphs of this Answer, Affirmative Defenses, and Counterclaim as if fully set forth herein."

That position is then clouded somewhat by the "WHEREFORE" clause at the end of the Counterclaim, where it seems that only ICI requests relief. But the Counterclaim's WHEREFORE clause is contradicted – or perhaps explained – by Berlin's other submissions

Page 2

throughout the arbitration, where he continued to take the position that he was a counterclaimant. In those submissions, Berlin's counsel used "ICI" as a defined term referring to both Berlin and ICI "collectively", which might explain why the Counterclaim's request for relief comes from "ICI" when the document otherwise indicates that both Berlin and ICI are counterclaimants.

Examples of Berlin taking the position that he was a counterclaimant are plentiful. When Clearview sought leave to dismiss the Counterclaim, Berlin identified himself as a counterclaimant and opposed that application. In a letter to me dated September 21, 2023, Berlin and ICI's counsel, John Dean, stated, "Respondents and Counter-Claimants Investigative Consultants, Inc., *and Donald Berlin (collectively "ICI")* hereby respond to Claimant Clearview AI's request ... for leave to file a motion to dismiss ICI's counterclaim. *We* respectfully ask the arbitrator to deny that request." (Emphasis added.) And when Clearview made a second request for leave to dismiss the Counterclaim, Berlin again identified himself as a counterclaimant and again opposed the application. In a letter dated October 3, 2023, Mr. Dean wrote, "Respondents and Counter-Claimants Investigative Consultants, Inc., *and Donald Berlin (together 'ICI')* hereby respond to Claimant Clearview AI's Second Request for leave to file a motion to dismiss Claimant's [sic] Counterclaim .... *We* respectfully ask the arbitrator to deny that request ...". (Emphasis added.)

Also, when Berlin made a motion to dismiss the claims against him, he again identified himself as a counterclaimant and indicated that he was seeking relief from Clearview for breach of contract. On page 1 of his opening brief in support of that motion, Berlin states, "ICI and *Mr. Berlin filed an Answer and Counterclaim* on June 30, 2023, *alleging breach of contract by Clearview*." (Emphasis added.)

Page 3

Throughout the course of the arbitration, Berlin participated in the proceedings in a way that increased costs and fees – repeatedly missing deadlines and ignoring my orders, among other things. I addressed some of these offenses in my Procedural Order No. 12, dated August 13, 2024 ("PO-12"), where I concluded "that respondents' counsel [was] recklessly disregarding my orders or willfully violating them, causing unwarranted delays and expense" and explained that "[a]s a part of the final award in this case, I [would] award claimant its costs and expenses associated with respondents' failure to comply with my orders".

I held the evidentiary hearing in this matter August 26-28, 2024. In addition to the evidence presented at the hearing, I also considered all other submissions the parties made, including pre-hearing and post-hearing briefs. I issued the Award on November 7, 2024. Based on all the evidence and arguments presented to me, I concluded, among other things, that ICI accepted $873,000 from Clearview on August 1, 2019, with no reasonable expectation that it would be able to supply Clearview with the promised data. (*See, e.g.*, Award ¶¶ 93-94 (noting that ICI's subcontractor "was not even shooting for a target anywhere near the Term Sheet's requirement of '690 million arrest records and 390 million photos, fully joined').)

In the Award, I also explained that, considering competing factors, I was holding Berlin jointly and severally liable for a relatively small portion of Clearview's costs and fees. On the one hand, I determined that Clearview had failed to prove that Berlin was personally liable for the causes of action in Clearview's Statement of Claim. On the other hand, I concluded that not only had Berlin failed to prove his Counterclaim, but he had also "undoubtedly participated in the proceedings in a way that increased costs and fees, including participating in the events that led to my costs order in PO-12." (Award ¶ 150; *see also* ¶¶ 147-149 and 151.)

### III. Reasoning

Respondents contend that I erred (i) in calculating pre-award interest from August 19[3], 2019, and (ii) in holding Berlin jointly and severally liable for a portion of Clearview's costs and fees. Respondents' contentions are incorrect. Neither of the above was an error, let alone the type of "clerical, typographical, or computational" error that would be reviewable under Rule R-52, which provides: "any party ... may request the arbitrator ... interpret the ... award or correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to re-determine the merits of any claim already decided."

Regarding my interest calculation, Rule R-49(d)(i) provides, "[t]he award of the arbitrator may include ... interest *at such rate and from such date as the arbitrator may deem appropriate*". (Emphasis added.) Moreover, Rule R-49(a) grants me the broad authority to "grant *any remedy or relief that the arbitrator deems just and equitable* and within the scope of the agreement of the parties". (Emphasis added.) Considering all the evidence and arguments presented to me, I deemed that it was appropriate, just, and equitable to award Clearview interest at 9% from the date Clearview paid respondent (i.e., August 1, 2019). That was not an error, let alone a computational error warranting Award modification under Rule R-52. Thus, I am denying respondents' request that I recalculate my interest award.

Likewise, my ruling that Berlin is jointly and severally liable for a portion of Clearview's costs and fees was based on all the evidence, arguments, and other submissions before me. As discussed above, Berlin repeatedly took the position that he (personally) was a counterclaimant in this arbitration, and he failed to prove that counterclaim. But even if Berlin

---

[3] In respondents' Modification Motion, they state, "[t]he Arbitrator calculated the interest amount from August *19*, 2019." (Page 1 (emphasis added).) But I assume that is a typo, as I indicate in the Award that I calculate interest from August 1, 2019. (Award ¶ 152.)

Page 5

had not been a counterclaimant, my ruling would still be correct, as I specifically explained that my decision was based in part on the fact that Berlin "participated in the proceedings in a way that increased costs and fees, including participating in the events that led to my costs order in PO-12." (Award ¶ 150.)

In addition to my broad authority under Rule R-49(a), discussed above, Rule R-49(d)(ii) specifically grants me the right to award attorneys' fees. And Rule R-49(c) discusses my power to allocate costs and fees in my discretion, explaining, among other things, that "[t]he arbitrator may apportion such fees, expenses, and compensation among the parties in such amounts as the arbitrator determines is appropriate."

Considering all relevant factors, I determined that it was appropriate, just, and equitable to impose joint and several liability on Berlin for the portion of Clearview's costs and fees set forth in the Award. Thus, I am denying respondents' request that I vacate that portion of the Award.

IV.     Order

For all the reasons set forth above,

    a. I deny respondents' Modification Motion;

    b. I deny any other claims or relief not specifically addressed herein;

    c. I reiterate that the Award is a final award disposing of all claims and counterclaims.

Dated: December 19, 2024

Signed In: Brooklyn, New York

_____
Usher Winslett, sole arbitrator

Page 6