

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| **CLEARVIEW AI, INC.,**<br><br>      **Claimant,**<br><br>v.<br><br>**INVESTIGATIVE CONSULTANTS, INC.,** *et al.***,**<br><br>      **Respondents.** | AAA Case No. 01-23-0002-6322<br><br>Hearing Date: August 26-28, 2024<br>Hearing Location: New York, NY<br>Arbitrator: Usher T. Winslett, Esq |

### RESPONDENTS' MOTION FOR MODIFICATION OF AWARD PURSUANT TO AMERICAN ARBITRATION ASSOCIATION RULE R-52

Pursuant to American Arbitration Association ("AAA") Rule R-52, Respondents Donald Berlin and Investigative Consultants, Inc. ("ICI") respectfully request the Arbitrator modify his November 7, 2024, Award (the "Award") pursuant to Rule 52, which permits the Arbitrator to "correct any clerical, typographical, or computational errors in the award." The Award contains two computational errors that warrant revision: First, the Arbitrator awarded prejudgment interest from the date the contract was signed, instead of the date of breach. Second, the Arbitrator calculated an attorneys' fee award against Mr. Berlin based on ICI's failed counterclaim. However, the counterclaim was brought solely by ICI, and therefore the award of $64,000 in attorneys' fees against Mr. Berlin is a computational error.

1. **PREJUDGMENT INTEREST IS CALCULATED FROM BREACH**

The award includes prejudgment interest. The Arbitrator calculated the interest amount from the date of the contract. However, pursuant to N.Y.C.P.L.R. § 5001, "prejudgment interest shall be computed from the earliest ascertainable date the cause of action existed." Clearview did not have a cause of action for breach against ICI on the date the contract was

signed. The earliest date the claim was ascertainable must have occurred after February 11, 2020, when the parties stipulated the drives were delivered to New York. According to Clearview, it was not for some time after delivery that Mr. Kyler copied the drives, sent them to Wasabi, and then was able to access them on the cloud. Per his hearing testimony, it was not until June 2021 that Mr. Ton-That directed the Clearview engineering team to do an analysis of the data ICI delivered, and September 2021 that ICI delivered additional data via Dropbox. *Accordingly, if Mr. Kyler's testimony is credited, the earliest date that a breach was ascertained would have been September 2021. after Clearview claimed to have discovered the data was insufficient.*[1] Therefore, the Award incorrectly computes and overstates prejudgment interest.

### 2. MR. BERLIN CANNOT BE ASSESSED ATTORNEY'S FEES FOR A COUNTERCLAIM HE DID NOT BRING.

The Arbitrator found in favor of Clearview on ICI's single counterclaim, and awarded Clearview $64,000 in attorney's fees. The award was entered against both ICI and Mr. Berlin, jointly and severally. However, ICI alone brought the counterclaim; accordingly, the Arbitrator miscalculated the fee award by imposing liability on an unrelated party. Mr. Berlin did not join in the counterclaim, did not fail on the counterclaim, and cannot be assessed fees on the counterclaim.

---

[1] Where, as here, the date the breach was ascertainable is uncertain, the Arbitrator should "wipe away the clutter and fix a single date for the computation of interest that occupies the reasonable middle ground." *See Pozament Corp. v AES Westover, LLC*, 51 A.D.3d 1080, 857 N.Y.S.2d 766 [3rd Dep't. 2008] (court in its discretion m)

ICI's counterclaim alleged the following:

## COUNTERCLAIM
## BREACH OF CONTRACT

1. Respondents ICI and Mr. Berlin incorporate the preceding paragraphs of this Answer, Affirmative Defenses, and Counterclaim as if set forth herein.

2. Complainant has admitted the July 30, 2019 contract ("Contract") between Clearview and ICI is a valid, enforceable agreement.

3. Pursuant to the Terms of the Contract, Clearview had a duty to pay ICI a total of $918,000 upon ICI's performance of the agreement.

4. ICI fully performed the agreement, except to the extent Clearview refused to accept the servers with joined data. On information and belief, Clearview refused to accept the servers not because of any failure of performance on ICI's part, but because Clearview was involved in litigation and Clearview and its counsel believed that acceptance of the servers would be detrimental to its defense of the pending litigation.

5. ICI remains ready, willing, and able to deliver the servers and joined data in accordance with the Contract.

6. Notwithstanding ICI's complete performance of the Contract (except to the extent prevented by Clearview, ICI received only $873,000, less than the full contract price (Demand Ex. B).

7. Clearview owes ICI $45,000, plus prejudgment interest.

> *WHEREFORE, ICI respectfully requests the arbitrator award ICI $45,000, prejudgment interest, attorneys' fees, and such other relief as the arbitrator deems just and appropriate.*

(ICI Counterclaim; emphasis added). Paragraph 1 of the Counterclaim is not a substantive allegation; it simply repeats Mr. Berlin's denials of the allegations in the Demand.

Mr. Berlin does not seek any relief. Only ICI alleges an agreement and a breach, and only ICI seeks an award of damages. Only ICI brought the counterclaim against Clearview. Mr. Berlin cannot be liable for fees associated with the counterclaim, and holding him jointly and several for those fees is a computational error that should be corrected. The Award should be amended to impose fees for ICI's counterclaim only on ICI; and the joint and several award against Mr. Berlin should be vacated.

| | |
|---|---|
| November 27, 2024 | Respectfully submitted, |
| | */s/ Steven M. Oster* |
| | Steven M. Oster |
| | **THE OSTER LAW FIRM**<br>1320 19th Street, N.W., Suite 800<br>Washington, D.C. 20036<br>(202) 596-5291 (p)<br>(202) 747-5862 (f)<br>soster@ostermcbride.com |

## **CERTIFICATE OF SERVICE**

I certify that the foregoing Motion was served on counsel of record for Clearview, Inc., by electronic mail.

November 27, 2024                                             */s/ Steven M. Oster*

                                                                              Steven M. Oster