UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

**Clearview AI, Inc.,**

                Petitioner/Plaintiff                **AMENDED**
      v.                                              **ANSWER TO THE PETITION**

**Investigative Consultants, Inc.**

    and                                              Case No. 1:25-cv-00049

**Donald Berlin,**

                **Respondents/Defendants**
_____

      Pursuant to Fed. R. Civ. P. 15(a)(1)(A), Respondents/Defendants Investigative Consultants, Inc. ("ICI") and Donald Berlin hereby file this amended answer to the Petition originally filed in Supreme Court, New York County, by Petitioner/Plaintiff Clearview AI, Inc. ("Clearview").§§

      1. Paragraph 1 of the Petition describes the proceeding and contains no factual allegations to which a response is required. To the extent a response is deemed to be required, ICI and Mr. Berlin deny that Clearview is entitled confirmation of the award as sought in the Petition and deny that entry of judgment is appropriate pursuant to CPLR § 7514. They further aver that enforcement of the award is governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

      2. ICI and Mr. Berlin deny that Clearview is entitled to confirmation of the award as requested in Paragraph 2 of the Petition and deny that Clearview is entitled to its costs.

      3. ICI and Mr. Berlin admit the allegations of Paragraph 3 of the Petition.

      4. Answering Paragraph 4 of the Petition, ICI and Mr. Berlin admit that ICI is incorporated in Illinois, but deny that ICI's principal place of business is in Virginia. ICI's principal place of business is in the District of Columbia.

5. Answering Paragraph 5 of the Petition, ICI and Mr. Berlin admit that Mr. Berlin is a citizen of Virginia.

6. Paragraph 6 of the Petition states Clearview's position as to the jurisdiction of the state court. That paragraph is no longer operable, as the case has been removed to this Court. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity), as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Paragraph 7 of the Petition states Clearview's position as to the proper venue in state court. That paragraph is no longer operable, as the case has been removed to this Court. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action [was] pending" before removal.

8. ICI and Mr. Berlin admit the allegations of Paragraph 8 of the Petition.

9. ICI and Mr. Berlin admit the allegations of Paragraph 9 of the Petition.

10. ICI and Mr. Berlin admit the allegations of Paragraph 10 of the Petition, except to the extent that Paragraph 10 might be interpreted to allege that Mr. Berlin filed a counterclaim against Clearview. Mr. Berlin did not file a counterclaim.

11. ICI and Mr. Berlin admit the allegations of Paragraph 11 of the Petition, except to the extent that Paragraph 11 might be interpreted to allege that Mr. Berlin filed a counterclaim against Clearview. Mr. Berlin did not file a counterclaim.

12. ICI and Mr. Berlin admit that the parties participated in an evidentiary hearing on August 26-28, 2024, to arbitrate Clearview's claims and ICI's counterclaim, but deny that the purpose of the hearing was to arbitrate a counterclaim by Mr. Berlin. Mr. Berlin did not file a counterclaim.

13. ICI and Mr. Berlin admit that the Arbitrator issued an award on November 7, 2024, and awarded damages, costs and fees to Clearview as described in that Paragraph 13 of the Petition. That paragraph's description of the award is incomplete. The Arbitrator denied Clearview's claim that Mr. Berlin was personally responsible for any breach of the contract or for any of the damages awarded to Clearview, even though he improperly ruled that Mr. Berlin was personally responsible for a portion of Clearview's attorney fees. The Arbitrator also ruled that ICI was not liable for breach of the contract's exclusivity provision, and was not liable for "consequential damages, punitive damages, restitution, disgorgement, rescission, and any other relief."

14. ICI and Mr. Berlin admit the allegations of Paragraph 14 of the Petition.

15. ICI and Mr. Berlin deny the allegations of Paragraph 15 of the Petition. Concurrently with the filing of this Answer, they have filed a motion to vacate or modify the award in part pursuant to 9 U.S.C. §§ 10-12, and, if necessary, NYCPLR § 7511.

16. Answering Paragraph 16 of the Petition, ICI and Mr. Berlin incorporate by reference their responses to Paragraphs 1-15.

17. ICI and Mr. Berlin admit the allegations of Paragraph 17 of the Petition.

18. Answering Paragraph 18 of the Petition, ICI and Mr. Berlin incorporate by reference their response to Paragraph 15 of the Petition.

19. ICI and Mr. Berlin deny the allegations of Paragraph 19 of the Petition.

## AFFIRMATIVE DEFENSES

ICI and Mr. Berlin incorporate by reference their motion to vacate or modify the award in part, and to confirm the award in part, and the papers filed in support of that motion. For the reasons stated in that motion, Clearview is not entitled to the prejudgment interest amount awarded by the

Arbitrator, Mr. Berlin is not personally liable for any attorney fees, and Clearview is not entitled to post-judgment interest at the 9% rate established by NYCPLR § 5003.

## PRAYER FOR RELIEF

WHEREFORE, ICI and Mr. Berlin respectfully ask this Court to enter judgment:

1. Denying Clearview's motion for confirmation;

2. Vacating or modifying the award to the extent it:

    a) awarded prejudgment interest from August 1, 2019; and

    b) held Mr. Berlin personally liable for a portion of Clearview's attorney fees;

3. Confirming the award to the extent it:

    a) found Mr. Berlin not personally liable for any breach of the contract;

    b) found ICI not liable for breach of the contract's exclusivity provision;

    c) found ICI not liable for consequential damages;

    d) found ICI not liable for unjust enrichment;

    e) found ICI not liable for punitive damages;

    f) denied Clearview any other relief;

4. Awarding any post-judgment interest at the rate established by 28 U.S.C. § 1961(a), and not by any contrary state law;

5. Awarding ICI and Mr. Berlin their costs of this proceeding; and

6. Awarding ICI and Mr. Berlin such other and further relief as this Court deems appropriate and proper.

January 21, 2025

Respectfully submitted,
*/s/ John P. Dean*
John P. Dean (JD0278)
**THE OSTER LAW FIRM**
1320 19th Street, N.W., Suite 800
Washington, D.C. 20036
(202) 725-8110 (p)
(202) 747-5862 (f)
johndean8@aol.com
*Counsel to Respondents/Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that I filed this Amended Answer using the Court's electronic filing system, thereby serving all counsel of record.

Dated: January 21, 2025

*/s/John P. Dean*
John P. Dean (JD0278)
Counsel for Respondents/Defendants