UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLEARVIEW AI, INC.<br><br>        Petitioner/Plaintiff,<br><br>v.<br><br>INVESTIGATIVE CONSULTANTS, INC. and DONALD BERLIN,<br><br>        Respondents/Defendants. | Case No. 1:25-cv-00049-JPO |

**PETITIONER CLEARVIEW AI, INC.'S REPLY IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD, AND OPPOSITION TO RESPONDENTS' MOTION TO VACATE, MODIFY, OR CORRECT THE AWARD IN PART AND TO CONFIRM THE AWARD**

Petitioner Clearview AI, Inc. ("Petitioner" or "Clearview") respectfully submits this joint Reply in Support of its Petition to Confirm the Arbitration Award, Dkt. 1-2, and Opposition to Respondents Investigative Consultants, Inc.'s ("ICI's") and Donald Berlin's ("Mr. Berlin's") (collectively, "Respondents'") Motion to Vacate, Modify, or Correct the Award in Part and to Confirm the Award, Dkt. 12.

Although Respondents' brief raises several minor disputes, it concedes that Clearview is entitled to virtually all of what it seeks: confirmation of the Arbitrator's award. Respondents themselves seek to confirm the portions of the Award that favor them, thus waiving any argument as to the validity of the Arbitration Agreement or the Award. Respondents do not dispute the Arbitrator's award to Clearview of $873,000 in compensatory damages and $193,228.39 in costs and fees against ICI. Nor do they dispute that Clearview is entitled to pre- and post-judgment interest.

Instead, they quibble, without legal support, with the interest rate awarded, the date from which interest should run, and Mr. Berlin's personal responsibility for a share of Clearview's costs and fees. But the Arbitrator already considered and squarely rejected each of these arguments in carefully reasoned decisions. Thus, because Respondents' effort to modify the Award does not address a "matter not submitted" in Arbitration or a "manifest disregard" of the law by the Arbitrator—but instead is an attempt to persuade this Court to grant them *de novo* review of the portions of the Award they dislike—it fails.

Finally, whether the Court applies New York or federal law, both require prompt confirmation of the Award. The Court should therefore (a) grant Clearview's Petition to Confirm, Dkt. 1-2, (b) deny Respondents' Motion to Vacate, Modify, or Correct, Dkt. 12, and (c) enter judgment confirming the Award, Dkt. 1-8 (Clearview's Proposed Judgment).

## I. New York law applies.

At the outset, the Court may confirm the Award under New York law, which was the law and venue called for by the parties' Arbitration Agreement. Dkt. 1-6 ¶ 4. Under New York law, a petition to confirm an arbitration award is a "proceeding[] affecting arbitration" that shall "be brought in the county . . . where the arbitration was held." NY CPLR § 7502(i). This arbitration was held in in Manhattan County, so NY CPLR § 7510 applies.

By contrast, the Arbitration Agreement does not call for application of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq. Dkt. 1-6 ¶ 4. And even if the FAA applied, "[i]t is beyond dispute that the FAA only preempts *conflicting* state

law." *Pine Valley Prods. v. S.L. Collections*, 828 F. Supp. 245, 248 (S.D.N.Y. 1993) (citing *Volt Information Sciences, Inc. v. Stanford University,* 489 U.S. 468, 476–77 (1989)) (emphasis in original). Thus, "[w]here New York law does not conflict with FAA it is to be applied." *Id.* (citing *Fahnestock & Co., Inc. v. Waltman*, 935 F.2d 512, 517 (2d Cir.1991)).

Besides, both New York law and the FAA compel confirmation of the Award. As Respondents own cases acknowledge, where "the parties do not identify any conflict between New York [law] and the FAA on issues relevant to vacatur or confirmation," "the holdings of th[e] case can rest on either body of law." *See* Dkt. 12-6, at 5; *Park Lane IBS, LLC v. Unbnd Grp. Pty Ltd.*, No. 23-CV-8620 (PKC), 2024 WL 4123515, at *3 (S.D.N.Y. Sept. 9, 2024) (citing *Joval Paint Corp. v. Drew*, No. 19-CV-732 (RRM) (ARL), 2021 WL 1163074, at *5 (E.D.N.Y. Mar. 26, 2021)). Respondents vaguely argue that if there *were* a conflict between New York and federal law, the FAA would preempt New York law. Dkt. 12-6, at 5. But "the party asserting that federal law preempts state law bears the burden of establishing preemption," *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 725 F.3d 65, 96 (2d Cir. 2013) (citing *Wyeth v. Levine*, 555 U.S. 555, 569 (2009)), and Respondents do not identify any supposed conflict; indeed, they frequently cite New York law. In any case, there is no conflict. The FAA also states that the Court must grant an order confirming the award when an application is made within one year, which is easily met here. *See* 9 U.S.C. § 9.

3

Accordingly, whether the Court applies New York or federal law, it must promptly confirm the Award.

## II. The Court should confirm the Arbitrator's decision to award Clearview a portion of its fees and costs against Mr. Berlin.

Mr. Berlin complains about the Arbitrator's decision to award Clearview a portion of its fees and costs jointly and severally against Mr. Berlin and disagrees with the Arbitrator that the Counterclaim belonged to him and ICI together, and not to ICI alone. But, in addition to being wrong about the Counterclaim, Mr. Berlin's argument is irrelevant because the Arbitrator awarded fees and costs based on a second, independent reason: Mr. Berlin's rampant misconduct during the arbitration proceedings. The Arbitrator explicitly held that "even if Berlin had not been a counterclaimant, my ruling would still be correct, as I specifically explained that my decision was based in part on the fact that Berlin 'participated in the proceedings in a way that increased costs and fees'"—a polite way of summarizing Mr. Berlin's months-long, sanctionable conduct during the arbitration. Dkt. 1-7, at 5–6.

Because Mr. Berlin's disagreement with the Arbitrator's decision is not grounds to modify the award, Mr. Berlin attempts to base his argument in a section of the New York code governing decisions by arbitrators "upon a matter not submitted to them." NY CPLR 7511(c)(2). That argument is frivolous. Whether and in what amount Mr. Berlin would be responsible for fees and costs was plainly submitted to the Arbitrator, which is why the Arbitrator addressed the question in multiple, lengthy decisions. As the Arbitrator noted, "[b]oth sides *requested* that I award costs and fees," and "[t]hus, an award of costs and fees is appropriate under the AAA

4

Rules." Dkt. 1-6 ¶ 84 (emphasis added). Mr. Berlin only now wants to back out of his agreement because the Arbitrator ruled (in part) against him.

The parties' Arbitration Agreement also covered "any controversy or claim arising out of or relating to" the parties' undertaking. *Id.* ¶ 4. Invoking that clause, Clearview initiated arbitration against ICI *and* Mr. Berlin, seeking relief from both. Dkt. 1-6 ¶ 32. ICI *and* Mr. Berlin answered the claim and filed a Counterclaim, each seeking relief from Clearview. *Id.* ¶ 32. ICI *and* Mr. Berlin both took extensive discovery from Clearview. *Id.* at 49 (Addendum No. 1, at 4). Mr. Berlin belatedly sought to be dismissed from the arbitration after assenting months earlier to the Arbitrator's jurisdiction, but the Arbitrator rejected Mr. Berlin's request, after which Mr. Berlin participated extensively in the arbitration (and prosecuted his Counterclaim) through its conclusion. *Id.* at 46 (Addendum No. 1). Mr. Berlin never sought judicial intervention to enjoin the Arbitrator's exercise of jurisdiction over him.

Mr. Berlin now seeks to relitigate whether the Counterclaim was his and ICI's jointly, or ICI's alone. Dkt. 12-6, at 6–8. Not only is that issue irrelevant—and already decided by the Arbitrator—but Respondents' own brief points to several facts showing that the Counterclaim belonged to Mr. Berlin. For example, Respondents expressly refer to Mr. Berlin in the Counterclaim, *id.* at 6, and Mr. Berlin's counsel on multiple occasions referred to Mr. Berlin as one of the counterclaimants, *id.* at 8. Respondents' Answer in the Arbitration was also titled: "Respondents ICI and *Donald M. Berlin's* Answer, Affirmative Defenses, and Counterclaim." Dkt. 1-6 ¶ 32 (emphasis added).

Respondents lastly complain that Clearview should have quantified its costs in a different manner, Dkt. 12-6, at 7, but not only does that demand have no basis in state or federal law, the AAA rules, or the parties' agreement, it is based on an inaccurate summary of the arbitration proceedings. In fact, *independent* of Clearview's success on its breach of contract claim, the Arbitrator said he would award Clearview certain costs and fees against Mr. Berlin and ICI due to certain aspects of their arbitral misconduct, but in the end *declined* to award those costs and fees on top of the others because they were not separately briefed. Dkt. 1-6 ¶ 148. The Arbitrator awarded Clearview other costs and fees because, independent of Respondents' abuses, Mr. Berlin "undoubtedly participated in the proceedings in a way that increased costs and fees." *Id*. ¶ 150. The Arbitrator reached his decision in a carefully reasoned, 40-page Award, *see id.*, and reaffirmed his decision in a further 6-page Post-Award Order issued after additional briefing by the parties, Dkt. 1-7. These issues were repeatedly submitted to the Arbitrator, and there is no ground to vacate or modify his award.

Thus, the Court should confirm the Arbitrator's award of fees and costs against Mr. Berlin.

### III. The Court should confirm the Arbitrator's award of interest.

Respondents also ask the Court to modify the Arbitrator's award of prejudgment interest, arguing that it represents "a manifest disregard of [the] law," *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 (2d Cir. 2011), and is based on "a miscalculation of figures," CPLR 7511(c)(1). Neither is true. Once again, the parties already briefed these issues for the Arbitrator *after* he issued the Award, and the

Arbitrator rejected Respondents' contentions in a carefully reasoned, 6-page Post-Award Order. Dkt. 1-7. Respondents' dissatisfaction with the Arbitrator's decision is not grounds to modify the Award.

Respondents acknowledge that Clearview is entitled to pre-judgment interest, but they ask this Court to ignore the Arbitrator's factual and legal findings that Clearview's claim accrued on August 1, 2019, and instead ask this Court to supply a date of June or September 2021, which is unsupported by the record. Dkt. 12-6, at 8–10. As the Arbitrator explained, Clearview is entitled to prejudgment interest from August 1, 2019, which is the day Clearview paid Respondents and the date on which Respondents immediately could not perform under the agreement because the data they claimed they would supply did not exist. *See* Dkt. 1-7, at 5. Among other facts, the Arbitrator pointed to the testimony of Respondents' own witnesses, Thomas Marsh, who was supposed to perform the actual work due under the contract but testified unequivocally that he "was not even shooting for a target anywhere near the Term Sheet's requirement." Dkt. 1-6 ¶ 94. Thus, the Arbitrator explained that "ICI accepted $873,000 from Clearview on August 1, 2019, with no reasonable expectation that it would be able to supply Clearview with the promised data," and therefore the breach was ascertainable on that date. Dkt. 1-7, at 4. Inasmuch as Respondents believe Clearview is entitled to prejudgment interest from the "*earliest* ascertainable date the cause of action existed," NY CPLR § 5001 (emphasis added), that date—according to their own witness and the Arbitrator's finding—is August 1, 2019.

Further, the AAA Rules to which Respondents submitted independently allowed the Arbitrator to award "interest *at such rate and from such date as the arbitrator may deem appropriate.*" Dkt. 1-7, at 5 (citing AAA Rule R-49(d)(i)). The Arbitrator cited this Rule in awarding pre-judgment interest from August 1, 2019. Respondents affirmatively assented to the Arbitrator's jurisdiction and application of the AAA Rules. They cannot complain about application of the AAA Rules only *after* receiving an award that (in part) they do not like. Thus, the Arbitrator's decision was not based on a "a manifest disregard of the law," but instead carefully applied the AAA Rules and was consistent with NY CPLR § 5001 even if it applied. Dkt. 1-7, at 5–6.

Finally, nor, as Respondents contend, did the Arbitrator make "a miscalculation of figures," for example, by using 0.9 rather than 0.09 when calculating pre-judgment interest. Once again, that frivolous argument has already been briefed and rejected.

Thus, there are no grounds to modify the Arbitrator's pre-judgment interest award.

## CONCLUSION

None of the issues raised by Respondents is grounds to vacate or modify the Arbitrator's award. In fact, each of these issues was already briefed and rejected by the Arbitrator. Accordingly, as required by NY CPLR § 7510 and the FAA, 9 U.S.C. § 9, et seq., the Court should promptly confirm the Award, Dkt. 1-8 (Clearview's Proposed Judgment).

Dated: January 23, 2025                    Respectfully submitted,

                                                           /s/ *Collin J. Vierra*

Collin J. Vierra (*pro hac vice*)
cvierra@eimerstahl.com
EIMER STAHL LLP
1999 South Bascom Ave., Suite 1025
Campbell, CA 95008
Telephone: (408) 889-1668
Fax: (312) 692-1718

Nathan P. Eimer (#1976067)
neimer@eimerstahl.com
EIMER STAHL LLP
224 South Michigan Ave., Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Fax: (312) 692-1718

*Attorneys for Petitioner Clearview AI, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 23, 2025, I filed the foregoing document with the Clerk of this Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

Dated: January 23, 2025

                                                                        */s/    Collin J. Vierra*