UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

**Clearview AI, Inc.,**

      **Petitioner/Plaintiff**

      v.

**Investigative Consultants, Inc.**

      and                                  Case No. 1:25-cv-00049

**Donald Berlin,**

      **Respondents/Defendants**

_____

### REPLY MEMORANDUM OF DEFENDANTS/RESPONDENTS INVESTIGATIVE CONSULTANTS, INC., AND DONALD BERLIN IN SUPPORT OF THEIR MOTION TO VACATE, MODIFY OR CORRECT IN PART, AND CONFIRM IN PART, THE AWARD

Defendants/Respondents Investigative Consultants, Inc., ("ICI") and Donald Berlin respectfully submit this Reply Memorandum in support of their motion to confirm the arbitration award in part and to vacate, modify, or correct that award in part. As shown below, Plaintiff/Petitioner Clearview AI, Inc., ("Clearview") does not dispute ICI's and Mr. Berlin's motion to confirm and has failed to refute ICI's and Mr. Berlin's showing that significant portions of the award should be vacated, modified, or corrected.

ICI and Mr. Berlin respectfully request the Court to grant oral argument on this motion.

**I.     Clearview Does Not Take Issue With ICI's and Mr. Berlin's Motion to Confirm the Award in Part.**

ICI and Mr. Berlin moved to confirm many portions of the arbitrator's award, including his rulings: (1) that Mr. Berlin is not personally liable for any of the damages awarded to Clearview; (2) that ICI did not breach the contract's exclusivity clause; (3) that ICI is not liable for fraud; (4) that ICI is not liable for unjust enrichment; (5) that ICI is not liable for consequential

damages; and (6) that ICI is not liable for punitive damages. Clearview offered no response. ICI's and Mr. Berlin's motion to confirm the award in part, therefore, should be granted

Clearview also does not dispute that the proper interest rate on any judgment issued by this Court must be computed according to 28 U.S.C. § 1961 instead of using the rate provided by New York law. Therefore, we respectfully ask the Court to order that the interest rate set by federal law should apply to its judgment.

## II.    Clearview Has Failed to Show Any Legal Basis for Finding Mr. Berlin Liable for Any Attorney Fees or Costs.

Clearview insists that Mr. Berlin filed a counterclaim and therefore should be liable for a portion of its attorney fees. Its argument ignores both the plain language of the counterclaim and its own unequivocal recognition that ICI was the only party that counterclaimed against it.

Clearview has no answer to ICI's showing that the counterclaim seeks relief only for ICI. (ECF 12-6 at 8.) Because only Clearview and ICI were parties to the contract, ICI, was the only respondent in the arbitration with standing to assert contractual claim. In fact, Mr. Berlin sought to be "dismissed from the proceedings." (Exhibit 3 to this memorandum at 1; *see also id.,* at 5.) That request made no sense if he was seeking affirmative relief. Although Mr. Berlin's motion was unsuccessful, it shows his understanding that he brought no counterclaim.

Clearview was under no illusions about which party was bringing the counterclaim. Early in the proceedings, Clearview asked the arbitrator for permission to move for dismissal of "ICI's single-page counterclaim." (Exhibit 1 to this Memorandum at 2.) Clearview later revised its request and again referred to "ICI's single-page counterclaim." (Exhibit 2 to this Memorandum at 2.) Throughout both requests, Clearview repeatedly referred to the counterclaim as only ICI's. (*See, e.g.,* Ex. 1 at 3 ("ICI's Counterclaim;" "its Counterclaim" in two separate places;) Ex. 2 at 3 ("ICI's Counterclaim; "its Counterclaim;") *id.,* at 4 ("ICI's Counterclaim" in two separate places.))

Clearview's "Summary of Respondent's Counterclaim" in each request also shows that it knew who was, and who was not, making a claim against it.

> **ICI's allegations** against Clearview are simple. . . . Specifically, **ICI alleges** that Clearview breached the Termsheet by failing to pay **ICI** a total amount of $918,000 which, **ICI claims**, Clearview was obligated to pay under the Termsheet. (Counterclaim Para. 2). It is not disputed that Clearview paid **ICI** a total of $873,000 (Counterclaim Para 6). **ICI maintains** that Clearview thus came up $45,000 (the "Disputed Funds") short of the amount **it owed ICI** under the Termsheet.

(Ex. 1 at 1-2; Ex. 2 at 1.) (Emphasis added.)

Clearview made many additional references to ICI's, and only ICI's, allegations throughout its requests to dismiss the counterclaim, but we will not add to length of this Memorandum by citing every one of them. It suffices to say that Clearview's first request (Ex. 1) uses "ICI" or "ICI's" 29 times and its second request (Ex. 2) increases that total to 53. ***Clearview does not mention Mr. Berlin at all in either document.***

In the face of this evidence, Clearview weakly relies upon a few inadvertent references to Mr. Berlin as a counterclaimant. But those statements do not change the language of the counterclaim itself, which does not seek any relief for Mr. Berlin, who has no personal rights under the contract. Neither did those statements alter Clearview's unwavering understanding that only ICI was counterclaiming against it.

Clearview relies on the alternative argument that Mr. Berlin was liable for some portion of its costs due to what the arbitrator believed was sanctionable conduct in not complying with some procedural deadlines.[1] (ECF 18 at 6.) The arbitrator ordered that both ICI and Mr. Berlin would be

---

[1] ICI and Mr. Berlin dispute that any conduct worthy of sanctions occurred, as the missed deadlines largely were the result of Mr. Berlin's serious illness described by the arbitrator, albeit incompletely, at ECF 1-6 at ¶¶ 47-50. Nevertheless, ICI and Mr. Berlin recognize that the narrow scope of review of arbitration decisions does not permit this Court to correct the arbitrator's erroneous ruling that sanctions were warranted.

liable for any costs and fees incurred by Clearview due to those missed deadlines and required Clearview to substantiate those specific amounts in its post-hearing brief. (ECF 1-6 at ¶¶ 52, 148.) **But Clearview never did.** (See ECF 1-6, ¶ 148: "Clearview did not quantify its costs related to respondents' failure to comply" with certain deadlines.) Thus, the issue of either ICI's or Mr. Berlin's responsibility for the supposed increased costs was never "submitted" to the arbitrator, because Clearview never submitted any evidence of any increased costs that might have occurred. Nevertheless, the arbitrator ruled that Mr. Berlin should pay more than $64,000 because he "undoubtedly participated in the proceedings in a way that increased costs and fees." (ECF 1-6, ¶ 150.) But how did he know? Clearview forfeited its opportunity to demonstrate how any supposedly sanctionable failure to meet deadlines caused any increase in costs, let alone the unsubstantiated amount that the arbitrator selected. Because Clearview submitted no evidence of the "undoubted" increase in its costs, the arbitrator exceeded his authority when he punished Mr. Berlin.

To be sure, Mr. Berlin "participated" in the arbitration, but prevailed on all substantive claims. Clearview has cited neither any evidence nor any reason why, as a prevailing party, Mr. Berlin should have to pay any costs or attorney fees.

Mr. Berlin never "submitted" a counterclaim to the arbitrator and therefore never "submitted" the question of his personal liability for attorney fees for ICI's unsuccessful pursuit of that counterclaim. And Clearview never "submitted" the question whether Mr. Berlin should pay any increased fees and costs as a sanction for missed deadlines. Therefore, both the Federal Arbitration Act, 9 U.S.C. § 11(a) and the New York Arbitration Law, NYCPLR §7511(c)(2), require that the award be corrected or modified to remove his liability for the attorney fees and costs.

**III.    The Arbitrator's Prejudgment Interest Award Manifestly Disregards Applicable Law, Thereby Leading to an Improper Calculation of the Interest Amount.**

ICI and Mr. Berlin demonstrated that the Federal Arbitration Act, not New York law, governs enforcement of the arbitration award. (ECF 12-6 at 6-7.) On the question of Mr. Berlin's personal liability for any portion of Clearview's attorney fees, the choice of law makes no difference, because both the FAA and New York law require correction or modification of an award when the arbitrator rules on an issue not submitted to arbitration. The situation is different with respect to ICI's and Mr. Berlin's challenge to the prejudgment interest award. As shown in our moving papers, the FAA requires an award to be vacated if it is based on the arbitrator's "manifest disregard of the law." (ECF 12-6 at 10-12.) New York has no comparable rule.

Clearview appears to believe that there is no difference between the FAA and New York law on this issue, but ignores our showing that: (1) "manifest disregard of the law" is an applicable standard under the FAA (ECF 12-6 at 10-11;) (2) New York law itself requires application of the FAA in this case because the parties' arbitration clause does not say that enforcement of any arbitration award is governed by New York law (*id.,* at 6-7;) and (3) that the requirements of the "manifest disregard" rule have been satisfied in this case. (*Id.,* at 9-10.) It argues that the parties briefed this issue and the arbitrator ruled in its favor, (ECF 18 at 6-7) but that hardly refutes our showing that the arbitrator manifestly disregarded the law when he issued that ruling.

Clearview does not dispute that prejudgment interest runs only from the date the cause of action was ascertainable. NYCPLR § 5001(b). It claims, however, that the arbitrator complied with § 5001(b) when he ruled that Clearview's cause of action was ascertainable on August 1, 2019, the date that Clearview paid ICI. (ECF 18 at 7.) The arbitrator made no such ruling. The "Reasoning" section of his order denying Respondents' motion to modify the arbitration award states only that he "deemed that it was appropriate, just, and equitable to award Clearview interest

at 9% from the date Clearview paid respondent (i.e., August 1, 2019)." (ECF 1-7 at 7.) He cited only AAA rules in support of that holding, and never mentioned § 5001(b) or explained how Clearview "ascertained" ICI's breach on that date. In short, he manifestly disregarded the applicable law.

In an effort to distract the Court from the arbitrator's actual reasoning on this issue, Clearview points to a statement in the "Background" section of the arbitrator's ruling, which says the arbitrator previously concluded that ICI accepted payment from Clearview "with no reasonable expectation that it would be able to supply Clearview with the promised data." (ECF 18 at 7, quoting ECF 1-7 at 5.) Although Clearview equates this with a finding that the breach was ascertainable on the date of payment, that is merely Clearview's *post hoc* rationalization, not the arbitrator's reason for denying the motion to modify. Moreover, the arbitrator's claim that his award found that ICI had no expectation of performing is erroneous. He cites Paragraphs 93 and 94 of the award (ECF 1-6, ¶¶ 93-94) as the section where he made that conclusion, but nothing in those paragraphs says anything about ICI's expectations on the date of payment.[2] And, the arbitrator **rejected** Clearview's claims that ICI committed fraud by entering into the contract not expecting to perform. (ECF 1-6, ¶¶ 114-124.) Thus, the arbitrator never decided when the breach was ascertainable, in manifest disregard of NYCPLR § 5001(b), which required him to do so.

Clearview also has failed to refute ICI's alternative argument on this point, *i.e.,* that the arbitrator's failure to award prejudgment interest from the earliest ascertainable date of the breach

---

[2] ICI and Mr. Berlin believe that the arbitrator misinterpreted the testimony of their witness Mr. Marsh, who was testifying about the initial universe of data from which he derived a sample that was sent to Clearview, and not the entire universe of data provided to Clearview. As discussed in footnote 1, however, the limited scope of review in this case does not permit this Court to correct the error. In any event, Mr. Marsh's testimony says nothing about ICI's expectations on the date of payment, and Clearview has not shown anything to the contrary.

was an error in calculation. Calculating prejudgment interest requires knowledge of three elements: the principal amount, the interest rate, and the date from which the interest begins to run. Because the arbitrator's interest ruling used the wrong date, the interest calculation required by his award is wrong. Both 9 U.S.C. §10(a) and NYCPLR §7511(c)(1) authorize correction of the award to remedy this "evident material miscalculation." Clearview's only response is that this argument "has already been briefed and rejected." (ECF 18 at 8.) Nothing in either the FAA or New York's Arbitration Law insulates an arbitrator's calculation from review by this Court simply because the arbitrator refused to correct his own error.

## **CONCLUSION**

For the reasons stated herein, as well as in their moving papers, ICI and Mr. Berlin respectfully request the Court to enter judgment:

1. Denying Clearview's motion for confirmation;

2. Vacating, modifying, or correcting the award to the extent it:

   a) awarded prejudgment interest from August 1, 2019; and

   b) held Mr. Berlin personally liable for a portion of Clearview's attorney fees;

3. Confirming the award in part and declaring that:

   a) Mr. Berlin is not personally liable for any breach of the contract;

   b) ICI is not liable for breach of the contract's exclusivity provision;

   c) ICI is not liable for fraudulent inducement;

   d) ICI is not liable for fraudulent misrepresentation or concealment;

   e) ICI is not liable for unjust enrichment;

   f) ICI is not liable for consequential damages; and

   g) ICI is not liable for punitive damages.

4. Awarding any post-judgment interest at the rate established by 28 U.S.C. § 1961, and not by any contrary state law;

5. Awarding ICI and Mr. Berlin their costs of this proceeding; and

6. Awarding ICI and Mr. Berlin such other and further relief as this Court deems appropriate and proper.

January 30, 2025                                                        Respectfully submitted,


                                                                        */s/ John P. Dean*
                                                                        John P. Dean (JD0278)
                                                                        **THE OSTER LAW FIRM**
                                                                        1320 19th Street, N.W., Suite 800
                                                                        Washington, D.C. 20036
                                                                        (202) 725-8110 (p)
                                                                        (202) 747-5862 (f)
                                                                        johndean8@aol.com

                                                                        *Counsel to Respondents/Defendants*

## CERTIFICATION OF WORD COUNT

I hereby certify that this document complies with the word count limitations of Local Civil Rule 7.1(c). Based on the word count of the word-processing program used to prepare this document, I certify that it contains 2,253 words, exclusive of the caption, signature block and certificates of counsel.

/s/*John P. Dean*
John P. Dean (JD0278)
Counsel for Respondents/Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I filed this Answer using the Court's electronic filing system, thereby serving all counsel of record.

Dated: January 30, 2025        /s/*John P. Dean*
John P. Dean (JD0278)
Counsel for Respondents/Defendants