# CLEARVIEW AI

September, 14 2023

**Usher Winslett, Arbitrator**
**1177 Avenue of the Americas, 5th Floor**
**New York, New York**
**10036**

RE: AAA Case No. 01-23-0002-6322 (CLEARVIEW AI, INC., Claimant, v. INVESTIGATIVE CONSULTANTS, INC., et al., Respondents. )

Dear Mr. Winslett,

    Pursuant to Rule 33 of the Commercial Arbitration Rules of the American Arbitration Association, Clearview AI, Inc. ("Clearview") respectfully requests leave to file a motion to dismiss Claimant's Counterclaim, subject to Fed. R. Civ. P. 12(b)(6). Clearview is aware that your Draft Procedural Order Number 1 (the "Draft Order"), contemplates that the parties to this arbitration will submit letters regarding dispositive motions by today, September 14, 2023. Correspondence between Clearview and Respondent's counsel aimed at an agreement to extend the deadline for submitting letters on dispositive motions did not produce an agreement. Therefore, out of an abundance of caution and a desire to move the arbitration process forward, Clearview is submitting this letter today. This pre-motion letter sets forth a condensed summary of the arguments to be included in the motion to dismiss.

    I.   **Summary of Respondent's Counterclaim**

    ICI's allegations against Clearview are simple. Respondent's Counterclaim alleges a breach of contract, based on the allegation that Clearview breached the Termsheet agreement (the "Termsheet", found at Exhibit A to Claimant's Statement of Claim) between Clearview and Investigative Consultants, Inc. ("ICI"). Specifically, ICI alleges that Clearview breached the Termsheet by failing to pay ICI a total amount of $918,000 which, ICI claims, Clearview was obligated to pay under the Termsheet (Counterclaim Para. 2). It is not disputed that Clearview paid ICI a total of $873,000 (Counterclaim Para. 6). ICI maintains that Clearview thus came up $45,000 (the



99 Wall Street #5730
New York, N.Y. 10005

www.clearview.ai
info@clearview.ai

"Disputed Funds") short of the amount that it owed ICI under the Termsheet (Counterclaim Para. 7).

## II. Respondent's Counterclaim Should Be Dismissed Because Respondent Has Failed to Adequately State a Claim

To adequately plead breach of contract, a plaintiff must allege: (1) the existence of valid agreement; (2) the agreement was fully performed by the plaintiff; (3) defendants failed to perform; and (4) damages resulted. *See Terwilliger v. Terwilliger*, 206 F.3d 240, 245-246 (2d Cir. 2000). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that relief is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A complaint must do more than allege a plaintiff's entitlement to relief – it must show such an entitlement with its facts. *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 169 (2d Cir. 2009); *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.,* 517 F.3d 104, 115 (2d Cir. 2008); *U.S. Bank Nat. Ass'n v. Ables & Hall Builders*, 582 F. Supp. 2d 605, 606 (S.D.N.Y. 2008).

ICI alleges that Clearview breached the Termsheet by failing to pay $45,000 that it owed to ICI. However, Clearview was not even arguably required to pay the Disputed Funds to ICI under the Termsheet, and ICI has not alleged any facts that support the notion that Clearview was required to do so. ICI's single-page Counterclaim supports its allegations with only the most basic of conclusory statements, e.g.:  "Pursuant to the Terms of the Contract, Clearview had a duty to pay ICI a total of $918,000 upon ICI's performance of the agreement." (Counterclaim Para. 3) "Clearview owes ICI $45,000, plus prejudgment interest." (Counterclaim Para. 7) It is well-settled law that a court "may disregard any legal conclusions" when assessing the adequacy of a pleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). ICI's Counterclaim is entirely composed of "mere conclusory statements" and thus does not meet the required pleading standard. *Iqbal*, 556 U.S. at 678 (2009). "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Here, ICI has neglected to even make a "formulaic recitation of the elements of a cause of action", and pleaded its case with only the briefest of conclusory statements. Therefore, it should be dismissed. See *Schupak Group, Inc. v. Travelers Casualty and Surety Co. of America*, 716 F.Supp.2d 262, 267 (S.D.N.Y.2010) (finding a breach of contract claim cannot be sustained by a conclusory statement that the accused breached a contract.)



99 Wall Street #5730
New York, N.Y. 10005

www.clearview.ai
info@clearview.ai

### III. Respondent's Counterclaim Should be Dismissed Because Respondent Has Not Alleged a Breach of the Termsheet

Indeed, ICI cannot not make a more factually-supported statement of its Counterclaim because its Counterclaim is clearly at odds with the plain text of the Termsheet. ICI has not alleged that it performed any work that would have triggered a duty on Clearview's part to transfer the Disputed Funds to ICI, according to the unambiguous and plain text of the Termsheet. A breach of contract claim may be dismissed if the "'plain language' of the contract . . . fails to support the plaintiff's allegations of breach." *See Perks v. TD Bank, N.A.*, 444 F. Supp. 3d 635, 639 (S.D.N.Y. 2020) (internal citation omitted). See *Hatalmud v. Spellings*, 505 F.3d 139, 146 (2d Cir. 2007) (finding if "an agreement is complete, clear and unambiguous on its face, it must be enforced according to the plain meaning of its terms.")

Specifically, the Termsheet states that Clearview's duty to pay the $45,000 of Disputed Funds to ICI was contingent upon "updates to the data (provided every 6 months, or at the schedule of the Buyer's choosing, with the price locked in for 4 years)." The "Total cost" stated in the Termsheet is indeed $918,000 but this Total Cost is annotated by a text box next to it which states "NB[1]: Total Upfront cost is data + programming: $873,000." While the Termsheet is a relatively brief document, its meaning is not open to dispute on this point: Clearview was obligated to pay $873,000 at the time of ICI's initial performance, and the obligation to pay the Disputed Funds would kick in later, upon the delivery of a further, much smaller tranche of data at a later date. ICI does not allege at any point in its Counterclaim that it delivered any further data, or performed any further work, that would trigger Clearview's obligation to pay the Disputed Funds. ICI could not make such an allegation, because no such further data was ever delivered. ICI admits that Clearview paid it the $873,000 that was owed "upfront". ICI's restatement of factual claims from its Answer at Para. 4 and Para. 5 of the Counterclaim cannot serve to keep the Counterclaim alive, as they do not contain any factual allegations that would, if true, trigger a duty on Clearview's part to tender the Disputed Funds to ICI. Because ICI's Counterclaim does not plead any facts that would actually amount to a breach of the Termsheet by Clearview, it fails as a matter of law and must be dismissed.

---

[1] "Nota Bene"



99 Wall Street #5730
New York, N.Y. 10005

www.clearview.ai
info@clearview.ai

IV.     <u>**Conclusion**</u>

It is self-evident that dismissal of Respondent's Counterclaim will dispose of a dispute at issue in this case, streamline further proceedings, and clarify the relative positions of the parties and thus facilitate effective settlement negotiations. Clearview believes that a full motion to dismiss the Counterclaim presents a relatively straightforward and simple legal question, and thus will not represent a substantial burden to the parties in terms of cost and time. Based on the foregoing, Clearview respectfully requests leave to make a dispositive motion to dismiss. We appreciate your consideration of this request.

Respectfully submitted,

*Jack Mulcaire*

**Jack Mulcaire**
General Counsel
jack@clearview.ai

Cc: Maria Ibrahim, Associate Counsel, Clearview AI



99 Wall Street #5730
New York, N.Y. 10005

www.clearview.ai
info@clearview.ai