AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| **CLEARVIEW AI, INC.,**<br><br>Claimant,<br><br>v.<br><br>**INVESTIGATIVE CONSULTANTS, INC.,** *et al.*,<br><br>Respondents. | AAA Case No. 01-23-0002-6322<br><br>Hearing Date: April 8-10, 2024<br>Hearing Location: New York, NY<br>Arbitrator: Usher Winslett |

## RESPONDENT DONALD M. BERLIN'S
## MOTION TO DISMISS CLAIMS AGAINST HIM

Respondent Donald M. Berlin ("Mr. Berlin") respectfully submits this Motion to Dismiss Claims against Him, as authorized by the Arbitrator. The arbitration agreement at issue in this matter clearly includes only ICI, and not Mr. Berlin in his personal capacity, so he should be dismissed from the proceedings.

Clearview also alleges no facts to support its conclusion that ICI is Mr. Berlin's alter ego. Accordingly, there is no basis to hold Mr. Berlin liable even if the Arbitrator somehow were to conclude that ICI is liable to Clearview.

### STATEMENT OF THE CASE

Clearview AI, Inc. filed the original Statement of Claim in this matter against Investigative Consultants, Inc. and Donald Berlin, its CEO, on June 12, 2023. The Statement of Claim alleged breach of contract with respect to the data delivered by ICI, breach of the exclusivity provision of the contract, and unjust enrichment. ICI and Mr. Berlin filed an Answer and Counterclaim on June 30, 2023, alleging breach

of contract by Clearview. On October 17, 2023, Clearview filed an Amended Statement of Claim, adding a new breach of contract claim regarding the data, a claim for fraudulent inducement, and a claim for fraudulent misrepresentation and concealment. Neither ICI nor Mr. Berlin has answered or filed any other pleading since the filing of the Amended Statement of Claim.

## ARGUMENT

I. **The Amended Statement of Claim nullified the original Statement of Claim.**

Claimant has filed an Amended Statement of Claim. While Mr. Berlin clearly signed the arbitration agreement in his capacity as the President of ICI, and not in his personal capacity, the Amended Statement of Claim is a wholly new demand. Even if the Court found that Mr. Berlin consented to participation in the arbitration as an individual by participating in the proceedings pertaining to the original claim, that claim is now a nullity, since the Amended Statement of Claim has been filed. *Pettaway v. National Recovery Solutions, LLC*, 955 F.3d 299 2020 WL 1777113 (2d Cir. 2020); *In re Crysen/Montenay Energy Co.*, 226 F.3d 160 2000 WL 1218817, (2d Cir. 2000) (An amended pleading ordinarily supersedes the original and renders it of no legal effect); *Schneider v. Newman*, 88 A.D.2d 876, 877, 451 N.Y.S.2d 780, 780 (1982) (In arbitration, service of the amended demand rendered the original demand academic). The original Statement of Claim, and anything Mr. Berlin may

have filed in response, have no further effect since the Amended Statement of Claim was filed on October 17, 2023. Thus, Mr. Berlin stands in the position of a person who is named in the Statement of Claim, but who has not answered or otherwise participated in the arbitration.

## II.  Mr. Berlin signed the Arbitration Agreement in his capacity as CEO of ICI.

Even if this were not the case, Mr. Berlin is not a signatory to the arbitration agreement in his personal capacity; rather, he signed it in his capacity as the President of ICI. *See JMT Bros. Realty, LLC v. First Realty Builders, Inc.*, 51 A.D.3d 453, 856 N.Y.S.2d 616 (2008) (President of company could not be compelled to arbitrate individual claims against him relating to contract that contained arbitration clause, where president signed arbitration agreement in his capacity as president, not in his individual capacity). In *JMT Bros*, JMT Bros made a construction contract with JRF Construction and another company to have JRF convert a multi-use building into a single-family home. Joseph Foster, the president of JRF construction, signed the contract, which contained an arbitration clause, on behalf of his company in his capacity as president.  When JMT sued JRF over an alleged misuse of funds, Foster moved to stay the proceedings against him in his individual capacity. The appellate court held that his motion was improperly denied, because he signed the arbitration in his capacity as president, "and a party will not be compelled to arbitrate

absent evidence that affirmatively establishes an express agreement to do so (see *Matter of Metamorphosis Constr. Corp. v. Glekel*, 247 A.D.2d 231, 668 N.Y.S.2d 594 [1998]; *Matter of Jevremov [Crisci]*, 129 A.D.2d 174, 517 N.Y.S.2d 496 [1987])."[1] Such is the case here. Mr. Berlin signed the contract at issue in this matter using a signature stamp showing that he signed in his capacity of President of ICI. He cannot be compelled to arbitrate here, just as the court held that Foster could not be compelled to arbitrate JMT's claim against his company, JRF. Thus, the Court should grant Mr. Berlin's motion to dismiss him from the arbitration.

### III. Claimant did not seek leave to amend; further, Mr. Berlin has not participated since the filing of the Amended Statement of Claim.

Even if Mr. Berlin consented to participation in the arbitration as an individual by participating in the arbitration on the first Statement of Claim, he cannot be a defendant as to the Amended Statement of Claim because amendment was improper since Claimants did not seek leave to amend. Mr. Berlin hereby objects to personal jurisdiction over him in his personal capacity. He has not answered the Amended

---

[1] Clearview may argue that CPLR 7503(c) requires that Mr. Berlin apply to a Court to permanently stay the arbitration. The statute, however, specifies that this requirement comes into play <u>if</u> the arbitral demand states "that unless the party served applies to stay the arbitration within twenty days after such service he shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with…" N.Y. C.P.L.R. 7503 (McKinney). The demand in this case contains no such statement. Since the matter already is in the hands of the arbitrator, the arbitrator can and should decide the issue itself.

Statement of Claim or participated in discovery in his personal capacity, so he has not waived his opportunity to object. *He-Duan Zheng v. American Friends of Mar Thoma Syrian Church of Malabar, Inc.*, 37 Misc.3d 1220(A), N.Y.Sup., Oct. 22, 2008. Without personal jurisdiction over Mr. Berlin, he is improperly joined, and should be dismissed from the arbitration.

**WHEREFORE**, ICI respectfully requests the Arbitrator enter an order dismissing Mr. Berlin from the arbitration.

## CONCLUSION

For all the above reasons, the Arbitrator should dismiss Mr. Berlin from the proceedings and allow the matter to proceed with ICI as the only Respondent.

November 13, 2023                                   Respectfully submitted,

*/s/ John P. Dean*
John P. Dean
NYS Bar No. 1661362
Steven M. Oster
Cameron McBride
David W. Lawler
**OSTER McBRIDE PLLC**
1320 19th Street, N.W., Suite 601
Washington, DC 20036
202.596.5291 (Phone)
703.577.8785 (Cell)
202.747.5862 (Fax)
soster@ostermcbride.com
cmcbride@ostermcbride.com

*Counsel to Respondents*

## **CERTIFICATE OF SERVICE**

      I certify that I caused a copy of the attached to be served by electronic mail on counsel to Claimant.

November 13, 2023                          */s/ **Steven M. Oster***
                                                 Steven M. Oster