

# THE OSTER LAW FIRM

**February 10, 2025**

**VIA ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
Room 2101
New York, NY 10007

      Re: *Clearview AI, Inc., v. Investigative Consultants, Inc., et al.,* No. 1:25-cv-00049
          ICI's and Mr. Berlin's Response to Clearview's Motion for Leave to File a Surreply

Dear Judge Oetken:

    Defendants/Respondents Investigative Consultants, Inc. ("ICI") and Donald Berlin respectfully request that you deny the motion of Plaintiff/Petitioner Clearview AI, Inc. ("Clearview") for leave to file a surreply. Clearview has failed to meet the demanding standard for filling a surreply and, in any event, its arguments have no merit.

    Section 2 (B) of this Court's Individual Rules and Practices in Civil Cases says: "Surreply memoranda are not allowed (unless specifically permitted in extraordinary situations for good cause)." Clearview does not cite this standard and does not provide any explanation showing how its proposed surreply satisfies it.

    The authority Clearview does cite – *Kowalski v. YellowPages.com, LLC*, 2012 WL 1097350 (S.D.N.Y., 3/31/2012) – **denied** a party's motion to file a surreply or to strike materials filed with a reply because the new information did not "contain materially different information from what Plaintiffs submitted with their moving papers." *Id.,* at *10. In addition, some of the documents were not "sprung upon" the adverse party because they had been produced in discovery. *Id.,* at *11. The same situation exists here. ICI and Mr. Berlin showed that the actual language of the counterclaim left no doubt that only ICI was seeking relief. (ECF 12-6 at 8-9.) The documents attached to their reply memorandum simply confirm that all parties understood this. Clearview can hardly claim that the documents were "sprung upon" it. Clearview itself filed two of them (ECF 19-2 and 19-3) in the arbitration, while ICI and Mr. Berlin filed the third (ECF 19-4) and served it on Clearview.

---

                1320 19TH Street, N.W. Suite 800
                    Washington, DC 20036
                        202.725.8110 (M)
                        202.747.5826 (F)
                       [johndean8@aol.com](mailto:johndean8@aol.com)

The Honorable J. Paul Oetken
February 10, 2025
Page **2** of **2**

  In addition to its non-compliance with the standards for a surreply, Clearview has presented only inaccurate and repetitive arguments. It does not offer a single citation to the record to support its claim that it "often" used the term "ICI' to refer to both Mr. Berlin and ICI collectively. (ECF 20-1 at 3.)  Its citations are simply portions of the arbitrator's opinion referring to Clearview's allegations in the arbitration, but nowhere do either Clearview or the Arbitrator use "ICI" to include Mr. Berlin.

  The remainder of Clearview's surreply does not respond to any "new evidence" but simply reiterates its previous arguments that these issues have been ruled upon by the arbitrator. (ECF 20-1 at 3-5.) But an arbitrator cannot insulate his work from the review permitted by the Federal Arbitration Act simply by making a ruling. Moreover, Clearview does not, and cannot, explain how Mr. Berlin should be liable for attorney fees for a counterclaim that he never submitted.

  For all these reasons, Clearview's motion should be denied.

           Respectfully submitted,

           **/s/ _John P. Dean_**
           John P. Dean (JD0278)
           Counsel for Defendants/Respondents

## CERTIFICATE OF SERVICE

I certify I caused a true and correct copy of the attached document to be filed using the Court's CM/ECF system, thereby serving counsel of record.

February 10, 2025                         */s/ John P. Dean*
                                          John P. Dean