

# THE OSTER LAW FIRM

**March 18, 2025**

**VIA ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
Room 2101
New York, NY 10007

      Re: *Clearview AI, Inc., v. Investigative Consultants, Inc., et al.,* No. 1:25-cv-00049
          Respondent's Response to Petitioner's Notice of Non-Payment and Letter Motion Requesting Resolution

Dear Judge Oetken:

    On behalf of Respondents Investigative Consultants, Inc., ("ICI") and Donald Berlin, I am responding to the "Notice of Non-Payment and Letter Motion Requesting Resolution" (ECF 24) filed by Petitioner Clearview AI, Inc., ("Clearview") on March 14. Clearview's use of a letter motion to request entry of a partial judgment in its favor violates this Court's Local Rule 7.1(e), which limits the use of letter motions to "[a]pplications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters." Clearview's request for entry of judgment and its submission of a proposed judgment for Your Honor to sign (ECF 24-1) is a request for a dispositive ruling not authorized by Rule 7.1(e).

    Although the rule permits additional matters to be raised by letter motion "if authorized by the judge's individual practices or order issued in a particular case," that exception is inapplicable here. Section 1.A of this Court's Individual Rules and Practices in Civil Cases states that "all communications with Chambers" shall be by letter motion but does not permit the use of letter motions for dispositive motions such as Clearview's. And the Court has issued no order in this case authorizing the use of a letter motion for a dispositive motion.

    ICI and Mr. Berlin, therefore, request the Court to dismiss Clearview's letter motion. If the Court is inclined to consider the motion, we note that Clearview's supposed "concerns of fraudulent

---

1320 19TH Street, N.W. Suite 800
Washington, DC 20036
202.725.8110 (M)
202.747.5826 (F)
johndean8@aol.com

transfers and accounting by ICI" are unsupported by any evidence. Moreover, in rejecting Clearview's claim that ICI was Mr. Berlin's *alter ego,* the arbitrator ruled that Respondents had refuted the allegation that Clearview paid the funds required by the contract to Mr. Berlin's personal account. (ECF 1-6 at 22, n.3; 38-40.)

      For all the above reasons, Respondents respectfully request the Court to dismiss or to deny Clearview's letter motion.

      Respectfully submitted,

**/s/ *John P. Dean***
John P. Dean (JD0278)
Counsel for Defendants/Respondents

## CERTIFICATE OF SERVICE

I certify I caused a true and correct copy of the attached document to be filed using the Court's CM/ECF system, thereby serving counsel of record.

March 19, 2025                               */s/ John P. Dean*
                                             John P. Dean